# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 03-2028

---

CV01-2178 JMR/jmm

| | | |
|---|---|---|
| Dean Lawrence Brooks, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Sheryl Ramstad Hvass, | * | |
| Commissioner of Corrections, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

---

Submitted: February 9, 2004

Filed: February 17, 2004

---

Before MELLOY, FAGG, and COLLOTON, Circuit Judges.

FILED MAR 15 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

---

PER CURIAM.

Dean Lawrence Brooks was charged in Minnesota state court with first-degree murder for the killing of his former girlfriend. As his trial date approached, Brooks fired his attorney and asked the court for new counsel. The court granted a limited time for Brooks to hire a new attorney, and ultimately allowed Brooks to proceed pro se with stand-by counsel selected by the court or to allow the standby counsel to represent him. Having decided to accept representation by the standby counsel, Brooks then consulted with counsel and pleaded guilty to second-degree murder. Brooks filed state postconviction motions, but they were denied. Brooks then filed

this federal 28 U.S.C. § 2254 habeas petition asserting he was denied his constitutional right to self-representation, his guilty plea was not knowing, intelligent, voluntary, or accurate, and he received ineffective assistance of counsel because his attorney had little contact with him. The district court* denied the petition, finding Brooks had not unequivocally waived his right to counsel, his guilty plea was knowing and voluntary, and he was not prejudiced by his attorney's representation. The district court issued a certificate of appealability (COA) on the following issues: (1) whether Brooks was denied his constitutional right to self-representation when the trial court chose private counsel for Brooks after he was found competent to waive counsel and asked to proceed without a lawyer, (2) whether Brooks's plea was knowingly entered given that his attorney did not explain the sentencing guidelines to him, (3) whether Brooks was denied effective assistance of counsel, and (4) whether the state court misapplied the law by evaluating Brooks's ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), rather than under United States v. Cronic, 466 U.S. 648 (1984).

In his appeal, Brooks first contends the state courts unreasonably determined key facts to which the district court deferred. Because this contention is not specified in the COA, we cannot review it. Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). As for the issues listed in the COA, we have carefully reviewed the record, the briefs, and the applicable law, and conclude the district court properly rejected them. The issues are thoroughly discussed in the magistrate judge's report adopted by the district court. Having nothing to add, we summarily affirm. See 8th Cir. R. 47B.

______________________________

*The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.



A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS. CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans